

FILED

UNITED STATES DISTRICT COURT 2011 FEB 14 P 2: 40
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. DIST. COURT CLERK
EAST. DIST. MICH
FLINT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:10-CR-20647 |
| Plaintiff, | HON. MARK A. GOLDSMITH<br>United States District Judge |
| v. | |
| KINETRA ARQUEL BUGGS | <u>Offenses</u>:<br>Counts Five and Six: 18 U.S.C. §656<br>Bank Embezzlement |
| Defendant. | <u>Statutory Penalties</u>:<br>Imprisonment - Not more than 30 years<br>Supervised Release - Not more than 5 years<br>Fine - Not more than $1,000,000.00 |

_____/

## **RULE 11 PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant and the government agree as follows:

## 1. **GUILTY PLEAS**

### A. **Counts of Conviction**

Defendant will enter a plea of guilty to counts five and six of the indictment, which charge defendant with bank embezzlement, in violation of 18 U.S.C. §656.

**B.**   **Elements of Offenses**

The elements of counts five and six are:

(1)   Defendant was a manager at Fifth Third Bank;

(2)   Fifth Third Bank was a bank whose deposits were insured by the Federal Deposit Insurance Corporation;

(3)   Defendant embezzled or wilfully misapplied moneys, funds, assets, securities, or credits entrusted to the custody of Fifth Third Bank;

(4)   Defendant did so with the intent to defraud the bank; and

(5)   The amount embezzled or misapplied was more than $1,000.00.

**C.**   **Factual Basis for Guilty Plea**

The parties agree that the following facts are true, and are a sufficient basis for defendant's guilty pleas:

In 2008 and 2009, defendant was employed as a manager at Fifth Third Bank located at 1231 North Leroy, Fenton, in the Eastern District of Michigan. As manager, defendant was responsible for overseeing the everyday occurrences at the branch and supervising several employees. Bank deposits at Fifth Third Bank are insured by the Federal Deposit Insurance Corporation.

On March 6, 2009, defendant debited $6,970.00 from the savings account of Charles McCloskey, a Fifth Third banking customer, in the form of a cashier's check. Defendant used the cashier's check to pay her overdue rent obligation to River Oaks West Apartments. Mr. McCloskey, who was 80 years old at the time, did not authorize or otherwise give defendant permission to issue the check for her own personal use and at no time did defendant repay Fifth Third Bank for the unauthorized withdrawal and use of funds.

On March 30, 2009, defendant debited $13,092.52 from a certificate of deposit held by Fifth Third Bank and owned by Charles McCloskey in the form of a cashier's check. The cashier's check was made payable to C. McCloskey and bears the signature of defendant as the authorized signature. On April 7, 2009, defendant deposited the aforementioned cashier's check into her personal Fifth Third bank account. Mr. McCloskey did not authorize or otherwise give defendant permission to issue the check for her own personal use and at no time did defendant repay Fifth Third Bank for the unauthorized withdrawal and use of funds.

## 2.   SENTENCING GUIDELINES

### A.   Standard of Proof

The court will find sentencing factors by a preponderance of the evidence.

### B.   Agreed Guideline Range

There are no sentencing guideline disputes.  Except as provided below, defendant's guideline range is 12-18, as stated in the attached worksheets.  If the court finds: (a) that defendant's criminal history category is higher than reflected on the attached worksheets, or (b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; committed a new offense; otherwise demonstrated a lack of acceptance of responsibility for her offense(s); or obstructed justice, and if any such finding results in a higher guideline range, the higher guideline range becomes the agreed range. However, if the court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Based on the present circumstances, the U.S. Attorney recommends that

- 4 -

defendant be granted a reduction of two levels for acceptance of responsibility. The U.S. Attorney may recommend against giving defendant credit for acceptance of responsibility if, after the guilty plea has been entered, the U.S. Attorney's office learns of information inconsistent with the adjustment.

Neither party may take a position concerning the applicable guidelines that is different from that reflected in the attached worksheets, except as necessary to the court's determination regarding defendant's criminal history, acceptance of responsibility, and obstruction of justice.

## C.     Relevant Conduct

The relevant conduct for determining the sentencing guideline range in this case includes the following:

On August 21, 2008, defendant debited $4,539.00 from the savings account of Harry Harden, a Fifth Third banking customer, in the form of a cashier's check. Defendant used the cashier's check to pay her overdue rent obligation to River Oaks West Apartments. Mr. Harden, who was 90 years old at the time, did not authorize or otherwise give defendant permission to issue the check for her own personal use and at no time did defendant repay Fifth Third Bank for the unauthorized withdrawal and use of funds.

- 5 -

On December 10, 2008, three days after June Laisy's death, defendant debited $4,655.00 from Ms. Laisy's savings account in the form of a cashier's check. Defendant used the cashier's check to pay her overdue rent obligation to River Oaks West Apartments. Ms. Laisy did not authorize or otherwise give defendant permission to issue the check for her own personal use and at no time did defendant repay Fifth Third Bank for the unauthorized withdrawal and use of funds.

On June 2, 2008, defendant debited $6,700.00 from the savings account of June Laisy, a Fifth Third banking customer, in the form of a cashier's check. Defendant used the cashier's check to pay her overdue rent obligation to River Oaks West Apartments. Ms. Laisy was 78 years old at the time.

On October 20, 2008, defendant debited $4,710.00 from the savings account of June Laisy in the form of a cashier's check. Defendant used the cashier's check to pay her overdue rent obligation to River Oaks West Apartments.

3.   **SENTENCE**

The court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A.   **Imprisonment**

- 6 -

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by paragraph 2B of this agreement.

**B.    Supervised Release**

A term of supervised release, if imposed, follows any term of imprisonment. There is no agreement on supervised release. In other words, the court may impose any term of supervised release up to the statutory maximum term, which in this case is **5 years**. The agreement concerning imprisonment described above does not apply to any term of imprisonment that results from any later revocation of supervised release.

**C.    Special Assessments**

Defendant will pay a special assessment of **$200.00**.

**D.    Fine**

The court may impose a fine on each count of conviction in any amount up to **$1,000,000.00**.

**E.    Restitution**

The court shall order restitution to every identifiable victim of defendant's offenses and all other relevant conduct. The victims, and the full amounts of

restitution in this case, are as follows:

| | | | |
|---|---|---|---|
| Fifth Third Bank | $6,700.00 | Count 1 | Account for June Laisy |
| Fifth Third Bank | $4,539.00 | Count 2 | Account for Harry Harden |
| Fifth Third Bank | $4,710.00 | Count 3 | Account for June Laisy |
| Fifth Third Bank | $4,655.00 | Count 4 | Account for June Laisy |
| Fifth Third Bank | $6,970.00 | Count 5 | Account of Charles McCloskey |
| Fifth Third Bank | $13,092.52 | Count 6 | Account of Charles McCloskey |

The total amount of agreed upon restitution is $40,666.52.

Moreover, in exchange for the concessions made by the government in this plea agreement, including the government's dismissal of the offenses alleged in counts 1, 2, 3, and 4 of the indictment, defendant agrees, in addition to the counts of conviction, to make full restitution to the victims of the offenses alleged in counts 1, 2, 3, and 4, as a term of sentence to be imposed by the court, even though defendant will not be convicted or otherwise sentenced for those offenses. All of the offenses alleged in the indictment are offenses against property under Title 18, United States Code, for which restitution may be ordered under 18 U.S.C. §3663A(c)(1), and give rise to this agreement.

- 8 -

## 4.   OTHER CHARGES

If the court accepts this agreement, the government will dismiss counts 1, 2, 3, and 4 of the indictment.  In addition, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

## 5.   EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the court finds the correct guideline range to be less than that recommended by the government.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the court decides to impose a sentence higher than the maximum allowed by this agreement.  This is the only reason for which defendant may withdraw from this agreement.  If defendant decides not to withdraw her guilty plea pursuant to this provision, the sentence that the court imposes may be greater than that allowed by this agreement.

6.   **APPEAL WAIVER**

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives the right to appeal her conviction or sentence on any grounds. If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence but retains its right to appeal any sentence below that range.

Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest her conviction or sentence in any post-conviction proceeding, including–but not limited to–any proceeding under 28 U.S.C. § 2255.

7.   **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEAS OR VACATION OF CONVICTIONS**

If defendant is allowed to withdraw her guilty pleas, or if any conviction entered pursuant to this agreement is vacated, any charges dismissed pursuant to this agreement and additional charges which relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached

- 10 -

worksheets, may be filed against defendant within six months after the order

vacating defendant's conviction or allowing her to withdraw her guilty plea

becomes final. Defendant waives her right to challenge the additional charges on

the ground that they were not filed in a timely manner, including any claim that

they were filed after the limitations period expired.

## 8.   PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government

agency except the United States Attorney's Office for the Eastern District of

Michigan.

## 9.   SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates,

is the complete agreement between the parties. Except as provided in the next

paragraph, this agreement supersedes all other promises, representations,

understandings and agreements between the parties concerning the subject matter

of this plea agreement that were made at any time before the guilty plea is entered

in court. Thus, no oral or written promises made by the government to defendant

or to the attorney for the defendant at any time before defendant pleads guilty are

binding  except to the extent they have been explicitly incorporated into this

agreement.

     However, unless expressly stated herein, this agreement does not supersede

or abrogate the terms of any cooperation agreement between the parties, and each

party retains whatever obligations and protections that exist under such cooperation

agreement.  Similarly, unless expressly stated herein, this agreement does not

supersede or abrogate the terms of any proffer letter (often referred to as a

"Kastigar letter"), pursuant to which defendant agreed to provide information to the

government to assist the government in determining how to resolve the matter, but

which also provided defendant certain protections in the form of agreed upon

restrictions on the government's ability to use the information provided.  Unless

expressly stated herein, the terms and conditions of any such proffer letter are not

abrogated by this plea agreement, and remain operative and binding on the parties

according to the terms of that proffer letter.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

**10.    ACKNOWLEDGMENT**

Defendant understands that a felony conviction makes it illegal under most circumstances for a person to possess or receive a firearm or ammunition that has been shipped in or affects commerce.

**11.    ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 p.m. on February 8, 2011. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

                                        BARBARA L. McQUADE
                                        United States Attorney



A. TARE WIGOD                           CRAIG WININGER
Assistant United States Attorney        Assistant United States Attorney
600 Church Street                       Deputy Chief, Branch Office
Flint, Michigan 48502-1280
Phone: (810) 766-5020
Fax:  (810)  766-5427
tare.wigod@usdoj.gov
P58479

Date:   2/4/11

By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms.  Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.


_____          _____
KENNETH R. SASSE                          KINETRA ARQUEL BUGGS
Attorney for Defendant                    Defendant

Date: _2/7/11_____

| Defendant: | Kinetra Arquel Buggs | Count: | Five and Six |
|---|---|---|---|
| Docket No.: | 4:10-CR-20647 | Statute(s): | 18 U.S.C. §656 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(1) | Embezzlement (statutory punishment of 20 years or more) | 7 |
| 2B1.1(b)(1) | Loss of more than $30,000.00 | 6 |
| | | |
| | | |
| | | |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3A1.1(a) | Victims were vulnerable based on age | 2 |
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**15**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*  ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*  ☒

Rev. 8/2010

| Defendant: | Kinetra Arquel Buggs | Count: | Five and Six |
|---|---|---|---|
| Docket No.: | 4:10-CR-20647 | Statute(s): | 18 U.S.C. §656 |

## WORKSHEET B   (Multiple Counts)

### Instructions  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts.  "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE**: COUNT(S) ___5 & 6___
   ADJUSTED OFFENSE LEVEL

   | 1 | unit |

2. **GROUP TWO**: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

   | | unit |

3. **GROUP THREE**: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

   | | unit |

4. **GROUP FOUR**: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

   | | unit |

5. **TOTAL UNITS**

   | | units |

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit ➔ no increase | 2 1/2 - 3 units ➔ add 3 levels |
   |---|---|
   | 1 1/2 units ➔ add 1 level | 3 1/2 - 5 units ➔ add 4 levels |
   | 2 units ➔ add 2 levels | > 5 levels ➔ add 5 levels |

   | 0 |

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

   | 0 |

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   

   Enter the sum of the offense levels entered in Items 6 and 7.

Rev.  8/2010

| | | | |
|---|---|---|---|
| Defendant: | Kinetra Arquel Buggs | Count: | Five and Six |
| Docket No.: | 4:10-CR-20647 | Statute(s): | 18 U.S.C. §656 |

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):          3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):          2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):          1 POINT

Enter 1 point for each prior sentence counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*      If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence covered under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

| Defendant: | Kinetra Arquel Buggs | Count: | Five and Six |
|---|---|---|---|
| Docket No.: | 4:10-CR-20647 | Statute(s): | 18 U.S.C. §656 |

**(WORKSHEET C, p. 2)**

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

-----

## 3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.

-----

## 4. TOTAL CRIMINAL HISTORY POINTS
Enter the sum of the criminal history points entered in Items 1-4.

0

## 5. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

I

Rev. 8/2010

| Defendant: | Kinetra Arquel Buggs | Count: | Five and Six |
|---|---|---|---|
| Docket No.: | 4:10-CR-20647 | Statute(s): | 18 U.S.C. §656 |

# WORKSHEET D   (Guideline Range)

**1.     (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

15

**2.     ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

(2)

**3.     TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

13

**4.     CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

I

**5.     CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER
CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

   a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision
(U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender
provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in
Item 3, enter the higher offense level total.

------

   b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal
provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a
criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal
history category.

------

**6.     GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a
and the criminal history category entered in Item 4 or 5.b.

12-18 months

**7.     STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered
in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (See U.S.S.G. § 5G1.1.)  If the
sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

-------- months

Rev. 8/2010

| Defendant: | Kinetra Arquel Buggs | Count: | Five and Six |
|---|---|---|---|
| Docket No.: | 4:10-CR-20647 | Statute(s): | 18 U.S.C. §656 |

# WORKSHEET E   (Authorized Guideline Sentences)

## 1.   PROBATION (U.S.S.G. ch. 5, pt. B)

    a.    Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

**[X]**    1.    Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

**[ ]**    2.    Probation is authorized by the guidelines (minimum of guideline range = zero months).

        3.    Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b.    Length of Term of Probation  (U.S.S.G. § 5B1.2)

**[ ]**    1.    At least 1 year but not more than 5 years (total offense level ≥ 6).

**[ ]**    2.    No more than 3 years (total offense level < 6).

    c.    Conditions of Probation  (U.S.S.G. § 5B1.3)

        The court must impose certain conditions of probation and may impose other conditions of probation.

## 2.   SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))

**[ ]**    a.    A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

**[X]**    b.    A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

## 3.   IMPRISONMENT (U.S.S.G. ch. 5, pt. C)

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Kinetra Arquel Buggs | Count: | Five and Six |
|---|---|---|---|
| Docket No.: | 4:10-CR-20647 | Statute(s): | 18 U.S.C. §656 |

**(WORKSHEET E, p. 2)**

**4.    SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)**

    a.    <u>Imposition of a Term of Supervised Release</u>  (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.    <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

[X]    1.    At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[ ]    2.    At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

[ ]    3.    1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

[ ]    4.    The statute of conviction requires a minimum term of supervised release of ____ months.

    c.    <u>Conditions of Supervised Release</u>  (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.    RESTITUTION (U.S.S.G. § 5E1.1)**

[ ]    1.    The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)

[X]    2.    The court *must* order full restitution to the victims of the offenses of conviction and all of the relevant conduct as specified in the Rule 11 Plea Agreement.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is **$40,666.52** .

[ ]    3.    The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $___.  (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

[ ]    4.    The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $___.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[ ]    5.    Restitution is not applicable.

| Defendant: | Kinetra Arquel Buggs | Count: | Five and Six |
|---|---|---|---|
| Docket No.: | 4:10-CR-20647 | Statute(s): | 18 U.S.C. §656 |

**(WORKSHEET E, p. 3)**

## 6. FINE (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

|  **Minimum Fine** | **Maximum Fine** |
|---|---|
| $ 3,000.00 | $ 30,000.00 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($400 for a corporation)
$ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$  5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of **$200.00**.

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

☐ Assets of the defendant will be forfeited.        ☒ X Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____